**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN C. SLICK,

        Plaintiff,                      Case Number: 07-13521

v.                                          JUDGE PAUL D. BORMAN
                                                UNITED STATES DISTRICT COURT
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
_____ /

**ORDER ADOPTING THE MAGISTRATE JUDGE'S SEPTEMBER 24, 2008, REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Magistrate Judge Steven Whalen's September 24, 2008, Report and Recommendation granting Defendant Commissioner's motion for summary judgment and denying Plaintiff John C. Slick's motion for summary judgment ("R&R"). (Doc. No. 16). Plaintiff filed objections to the R&R on October 7, 2008. (Doc. No. 17). Defendant did not respond to Plaintiff's objections. Having considered the entire record, and for the reasons that follow, the Court **ADOPTS** the Report and Recommendation, **DENIES** Plaintiff's Motion for Summary Judgment, and **GRANTS** Defendant's Motion for Summary Judgment.

**I. BACKGROUND**

**A.    Procedural History**

The Court finds the Magistrate Judge has accurately and succinctly set forth the complicated background of this action and therefore the Court shall adopt by reference those

1

portions of the Report and Recommendation. (R&R,1-11).

**B.     Factual History**

Plaintiff suffers from bipolar disorder, and has not worked since 1996. (R&R 1-2). Plaintiff filed the instant lawsuit on August 21, 2007, after his claim for disability insurance benefits was denied and he exhausted his administrative remedies. (Complaint ¶ 5). In his complaint, Plaintiff alleges that the Social Security Administration's decision to deny him benefits is not supported by substantial evidence and is based on legal errors. (Complaint ¶ 6). According to Plaintiff, the record contains ample evidence that he "suffers from impairments of such severity and duration so as to constitute a disability." (Complaint ¶ 6).

This Court referred the matter to Magistrate Judge Whalen, who considered the parties' cross-motions for summary judgment. On September 24, 2008, Magistrate Judge Whalen issued a Report and Recommendation recommending that Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted. (Doc. No. 16). Magistrate Judge Whelan relied on six alternative grounds in finding that Plaintiff's complaint should be dismissed:

> 1) Res judicata prevented Plaintiff from re-litigating the issue of Plaintiff's residual functional capacity. Accordingly, the administrative law judge ("ALJ") properly required Plaintiff to provide "new and     material evidence" supporting his claim for the period between June 21, 2000 and December 31, 2001, and the ALJ's decision that Plaintiff did not provide such evidence was supported by the record.
>
> 2) The ALJ properly summarized the evidence in the record, and correctly accorded Plaintiff's treating physicians' opinions less than controlling weight because their opinions were contradicted.
>
> 3) The ALJ's failure to make an explicit credibility determination was not reversible error because the ALJ did comment on the credibility of the evidence, and the June 21, 2000 administrative findings adopted by the ALJ contain a thorough credibility analysis.

    4) Substantial evidence supported the ALJ's finding that Plaintiff's condition did not satisfy the "B Criteria" requirements for a disability finding at Step Three.

    5) The ALJ did not err in concluding that Plaintiff could perform his past relevant work because 1) the absence of new and material evidence mandated the adoption of the previous administrative findings, which Plaintiff did not appeal; and 2) Plaintiff's former job of an academic services officer, as typically performed, required a light exertion level, which Plaintiff could perform.

(R&R 13-23).

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).

The Court reviews the Commissioner's decision to deny social security benefits under a "substantial evidence" standard:

> Under 42 U.S.C. § 405(g), the ALJ's findings are conclusive so long as they are supported by substantial evidence. [A court's] review is limited to determining whether there is substantial evidence in the record to support its findings. Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Further, [the court] must defer to an agency's decision even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ. [The court's] role is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony.

*Wright v. Massanari*, 321 F.3d 611, 614-15 (6th Cir. 2003) (internal citations and quotation omitted).

## III. ANALYSIS

Plaintiff first objects to the Magistrate Judge's decision that the ALJ's failure to make an

explicit credibility determination was not reversible error because the ALJ commented on the credibility of the evidence, and the June 21, 2000 administrative findings adopted by the ALJ contain a thorough credibility analysis. (R&R 18-19). Plaintiff argues that the ALJ's failure to make an explicit credibility determination is not harmless error, and was not cured by the incorporation of the prior ALJ's decision. (Pl.'s Objs. 2-3). Plaintiff asserts that the ALJ did not incorporate all of the prior ALJ's decision into his decision, and even if he did, incorporation of a prior credibility determination does not satisfy the requirement that the current ALJ make a credibility determination. (Pl.'s Objs. 3).

Social Security Ruling 96-7p governs when and how a credibility determination should be made by the ALJ. SSR 96-7p, 1996 WL 374186, at * 1. An ALJ must make a credibility determination:

> When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

SSR 96-7p, 1996 WL 374186, at * 1. "Social Security Ruling 96-7p also requires the ALJ to explain his credibility determinations in his decision such that it 'must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 248 (6th Cir. 2007).

The Magistrate Judge acknowledged that the ALJ did not make a credibility determination, but concluded that the ALJ's failure to make an explicit credibility finding did not constitute reversible error because the ALJ discussed Plaintiff's allegations and the medical

4

evidence, and found that Plaintiff's account of his limitations was contradicted by his medical records. (R&R 18-19).

This Court concurs with the Magistrate Judge's conclusion. Although the ALJ did not make an explicit credibility finding, the ALJ thoroughly discussed the evidence in the record relating to Plaintiff's condition and ability to work. The evidence cited by the ALJ contradicted Plaintiff's claims that he was disabled and unable to work. Specifically, the ALJ noted that from the alleged onset date until the date Plaintiff was last insured, Plaintiff lived independently and managed his own daily activities. (Oct. 11, 2006 Hearing Decision 3). In addition, even after suffering two episodes of a breakdown, there was "no evidence of more than a mild limitation with respect to daily activities, maintaining social functioning, or moderate concentration deficits." (Id.) The ALJ also noted that Plaintiff's therapist described him as "doing well" and did not note any concentration problems. (Id. at 3-4). With respect to Plaintiff's capacity to perform semi-skilled light work, including his past work as an academic service officer, the ALJ stated: "Although Dr. Hughett concluded in a report dated June 2006 that the claimant was totally disabled because of bipolar disorder (Exhibit B18F), such a statement is inconsistent with the medical evidence showing a stable condition with symptoms controlled by medication." (Id. at 5). The ALJ, thus, concluded that there was no evidence that Plaintiff suffered from a disability of such severity to preclude Plaintiff from performing unskilled or semi-skilled work. (Id.)

Remanding this case to the ALJ for an explicit credibility determination would be a waste of resources, and exalt form over substance. It is clear from the ALJ's decision that he did not accord Plaintiff and Dr. Hughett's statements much weight because their statements were

contradicted by the medical evidence and treating notes, many from Plaintiff's own doctors and counselors, which supported the conclusion that Plaintiff's condition can be controlled by medication and, therefore, he is not disabled.  A remand would likely produce little more than an added sentence, stating that the ALJ did not find Plaintiff credible; nothing more would be required because the ALJ clearly stated his reasons for according more weight to the medical evidence than Plaintiff's own statements.  Thus, this Court concludes that the ALJ fulfilled his duties under SSR 96-7p.  The ALJ thoroughly and competently evaluated Plaintiff's claims about the intensity, persistence, and functionally limiting effects of his symptoms, compared his claims with the medical evidence in the record and then explained why the medical evidence deserved more credence.  Thus, the Magistrate Judge did not err by finding that the ALJ's failure to make an explicit credibility determination was not reversible error.

Plaintiff also argues that the Magistrate Judge erred by concluding that the ALJ "cured" the lack of a credibility determination by incorporating, by reference, a previous ALJ hearing decision, which contained a credibility determination.  (Pl.'s Objs. 3-4).  In light of the Court's conclusion that the ALJ fulfilled his duties with respect to the credibility determination, it unnecessary for this Court to address Plaintiff's secondary argument.

Next, Plaintiff objects to the portion of the Report and Recommendation in which the Magistrate Judge applied res judicata to the issue of Plaintiff's residual functional capacity. (Pl.'s Objs. 7).  Plaintiff does not dispute that administrative estoppel and/or res judicata bars a reassessment of entitlement of benefits up to the date of the first ALJ hearing decision, but argues that "res judicata is not applicable to Plaintiff's condition subsequent to that date."  (Id.)

The Magistrate Judge concluded that the ALJ's invocation of res judicata was proper

because Plaintiff did not present "new and material evidence" showing deterioration in his residual functional capacity. (R&R 13-14). The Magistrate Judge also noted that the ALJ's finding that there was no "new or material evidence" was well supported by the record. (R&R 14).

In *Drummond v. Commissioner of Social Security*, the Sixth Circuit Court of Appeals held that "a subsequent ALJ is bound by the findings of a previous ALJ . . . absent new and additional evidence." 126 F.3d 837, 842 (6th Cir.1997). This rule is analogous to common law principles of res judicata. *See id.* at 840-41.

Plaintiff first argues that *Drummond* is inapplicable to his case because both the facts and issues contained in his subsequent application are different from his first application. (Pl.'s Objs. 7-8). Plaintiff states that the period of disability alleged in the second application does not include the time period covered by the prior ALJ's denial and he submitted additional medical evidence with his second application. (Pl.'s Objs. 8).

Under *Drummond*, a change in the period of disability alleged does not preclude the application of res judicata. 126 F.3d at 839. In *Drummond*, the claimant alleged a period of disability from July 6, 1987, to July 28, 1988, in her first application, and alleged a period of disability from July 28, 1988, to August 2, 1990, in her subsequent application. *Id.* The same factual scenario is presented in this case. In his first application, Plaintiff alleged a period of disability from March 27, 1996 to October 7, 1998, and in his subsequent application, Plaintiff alleged a period of disability from June 21, 2000 to April 30, 2004. (R&R 1-2). The change in the alleged disability period does not affect the application of res judicata because the issue, i.e. whether Plaintiff's bipolar condition disables him and/or to what degree, is the same, regardless

of the disability period alleged.

Accordingly, Plaintiff must show that circumstances have changed since the first hearing before the ALJ by presenting new and material evidence of deterioration. Acquiescence Ruling 98-4(6) instructs that the Social Security Administration "must adopt a finding from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding. . .."

Plaintiff argues that the current ALJ could not have determined whether new evidence showed deterioration in Plaintiff's residual functional capacity because the ALJ did not obtain the evidence relied on by the first ALJ. (Pl.'s Objs. 8-9). Plaintiff argues further that the subsequent ALJ was "obligated to obtain all evidence from the prior case to compare to the current evidence." (Pl.'s Objs. 8).

As the Magistrate Judge concluded, there is substantial evidence to support the ALJ's finding that "[t]here is no new material evidence to show any deterioration in [Plaintiff's] residual functional capacity." (October 11, 2006 Hearing Decision 4; R&R 14). The ALJ relied on evidence Plaintiff submitted with his subsequent application showed that his hospitalizations were due to the fact that he was not taking his medications, and following the hospitalizations, his prognosis was described as "good." (Tr. 156-157). The ALJ also relied on Plaintiff's counseling records also show that his condition continued to stabilize from 2001 to 2005, and his symptoms were controlled with medication. (Tr. 211-272). Plaintiff's medical and counseling records constitute substantial evidence, and support the ALJ's conclusion that Plaintiff had not presented new and material evidence of deterioration.

Moreover, Plaintiff's argument that the current ALJ was obligated to obtain the record from his previous administrative hearing is unpersuasive. The current ALJ clearly read and considered the previous ALJ's hearing decision, and then compared the new evidence Plaintiff provided with the previous ALJ's findings on residual functional capacity. The previous ALJ's thoroughly discussed the evidence Plaintiff presented, and Plaintiff does not allege that the previous ALJ's hearing decision was some how lacking. It is not apparent, then, what the current ALJ would have learned from obtaining the previous administrative record. Thus, the ALJ did not err when he did not obtain and review the entire previous administrative record.

Plaintiff also objects to the Magistrate Judge's recommendation regarding Listing 12.04. (Pl.'s Objs. 9). Plaintiff argues that the Magistrate Judge erred by finding that Plaintiff's ex-wife's observations of his substantial limitations did not establish the marked limitations in daily activities or social functioning required by Subpart B of Listing 12.04. (Pl.'s Objs. 9).

The Magistrate Judge found that substantial evidence supported the ALJ's determination that Plaintiff's condition did not satisfy the B Criteria requirements for a disability finding at Step Three. (R&R 21). At step 3, the ALJ evaluated Plaintiff's affective disorder, bipolar disorder, under listing 12.04, in 20 C.F.R. Pt. 404, Subpt P, App. 1, and found that there was "no evidence of more than a mild limitation with respect to daily activities, maintaining social functioning, or moderate concentration deficits." (October 11, 2006 Hearing Decision 3). The Magistrate Judge noted that a Psychiatric Review Technique performed on September 3, 2004, found that Plaintiff's daily living and social function limitations were mild, and Plaintiff did not receive a finding of marked limitations in two of the four B Criteria categories, which is necessary for a finding of disability under Step 3. (R&R 21). The Magistrate Judge further

9

found that Plaintiff's ex-wife's observations did not establish that he experienced marked limitations in daily activities or social functioning. (Id.)

The Magistrate Judge did not err when he affirmed the ALJ's finding. Although Plaintiff's ex-wife's statement (Tr. 102-108) contained observations suggesting the Plaintiff has trouble coping with everyday life, the ALJ was not bound to accept her observations unequivocally. Plaintiff's ex-wife's statements were contradicted by both the Psychiatric Review Technique (Tr. 140) and Plaintiff's voluminous medical and counseling records. The ALJ chose to weigh the Psychiatric Review Technique and Plaintiff's medical records more heavily than Plaintiff's ex-wife statement, which is a decision supported by the record. Plaintiff's ex-wife's statement does not conclusively establish marked limitations, and is contradicted by other evidence. Therefore, the ALJ's finding is supported by substantial evidence, and this Court will not disturb it.

Lastly, Plaintiff objects to the Magistrate Judge's conclusion that he is capable of performing past relevant work. (Pl.'s Objs. 10). Plaintiff argues that the current ALJ erred by relying solely on testimony from the first administrative hearing, testimony that he did not hear, in concluding that Plaintiff is capable of performing past relevant work. (Pl.'s Objs. 10).

As noted by the Magistrate Judge, Acquiescence Ruling 98-4(6) requires the ALJ to adopt the finding of a previous ALJ, unless the claimant presents new and material evidence. Here, Plaintiff has not presented new and material evidence relating to his capability to perform past work. Thus, Plaintiff's argument that the ALJ erred by adopting the previous ALJ's finding regarding his ability to do past relevant work is unavailing.

**III. CONCLUSION**

The Court hereby:

(1) **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. No. 16);

(2) **DENIES** Plaintiff's Motion for Summary Judgment (Doc. No. 8); and

(3) **GRANTS** Defendant's Motion for Summary Judgment. (Doc. No. 13).

**SO ORDERED**.

                                                S/Paul D. Borman  
                                                PAUL D. BORMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated:  January 16, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 16, 2009.

                                                S/Denise Goodine  
                                                Case Manager